UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 03-4129

JERRY GLENN JOSHUA,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca Beach Smith, District Judge.
(CR-02-28)

Submitted: July 31, 2003

Decided: September 4, 2003

Before LUTTIG and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton, Supervisory Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, James Ashford Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jerry Glenn Joshua, convicted by a jury of being a felon in possession of a firearm, appeals his 324-month custodial sentence. Joshua first argues his sentencing under the Armed Career Criminal Act of 1984, as amended, 18 U.S.C. § 924(e) (2000) ("ACCA"), violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as the predicate prior felony convictions were not listed in his indictment. Second, Joshua argues the district court erred in calculating his sentence by including ninety grams of crack possessed by a co-conspirator as part of his relevant conduct. Joshua did not assert either of these claims in the district court. For the following reasons, we find no plain error and affirm.

Joshua's initial assignment of error is easily resolved. With respect to Joshua's contention that *Apprendi* overruled *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (noting prior convictions need not be an element of an offense in order to trigger enhanced penalties), this Court has previously considered and rejected this claim. *See United States v. Sterling*, 283 F.3d 216, 220 (4th Cir.), *cert. denied*, 536 U.S. 931 (2002). Accordingly, we find no error, plain or otherwise, in Joshua's sentencing under § 924(e).

Joshua's objection to the district court's attribution of crack possessed by a co-conspirator likewise fails to amount to plain error. In calculating Joshua's offense level, the district court adopted, without objection, the finding in Joshua's pre-sentence report ("PSR") that Joshua was responsible for ninety grams of crack produced by an alleged co-conspirator.

When a defendant fails to continue at sentencing a prior written objection to his PSR, review, if any, is limited to plain error. *See United States v. Kingsley*, 241 F.3d 828, 835 (6th Cir. 2001); *United*

*States v. Scanga*, 225 F.3d 780, 783 (7th Cir. 2000); *United States v. Caba*, 955 F.2d 182, 187 (2d Cir. 1992). Joshua's attorney initially objected to the attribution, and Joshua's PSR indicated the objection must be resolved by factual findings at sentencing. However, at sentencing, defense counsel, without conceding Joshua's involvement in a conspiracy, stated that "if the court has heard the evidence and made a determination based upon the government's position that my client was engaged in drug distribution for which he was acquitted by the jury—we would submit that he was not engaged in drug distribution —if the court had determined otherwise, there is no need for any evidentiary determination today." (JA 169-70).*

In light of Joshua's counsel's concession, we find no plain error in the attribution of the ninety grams of crack cocaine in question. There was sufficient, uncontroverted testimony supporting a conclusion that a tacit arrangement existed between Joshua and his co-conspirator by which crack supplied by the co-conspirator was distributed to customers brought by Joshua to Joshua's sister's house. In light of this uncontroverted evidence, we find no plain error warranting our correction. *See United States v. Cotton*, 535 U.S. 625, 633 (2002).

Accordingly, we affirm Joshua's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*We also note the following exchange:

THE COURT: We are not into a drug amount determination, because you are not contesting that.

MR. SHELTON: That's correct.

(JA 193-94).